*Abbott,* for plaintiffs.

*Gould,* for defendants.

*Nonsuit confirmed.*

---

### JAMES DUNNING *versus* NANCY S. PIKE.

Neither the present nor any former statutes give a married woman power to purchase real estate on credit, and give her own promissory notes in payment, with a mortgage as security.

In such a case, the notes and mortgage given by her, and the deed given to her, are all void, the whole being one transaction, though the conveyances were made at different times, and the parties are different, yet all done in pursuance of a mutual arrangement.

ON AN AGREED STATEMENT OF FACTS.    Sept. 20, 1854, Geo. A. Pierce conveyed certain land in Waldo county to Theodosia Dunning by mortgage, which by mistake was recorded in Penobscot county.    Before the mistake was rectified, Pierce assigned his property, including the demanded premises, to Robert Treat & Co., who subsequently conveyed the same premises to the tenant, the sole consideration being that the tenant, by arrangement with all the parties, gave her notes and a mortgage of the premises to the demandant, in lieu of the notes and mortgage of Pierce to Theodosia Dunning.    The tenant was at the time a married woman, and living with her husband.    This is a WRIT OF ENTRY, brought to foreclose the tenant's mortgage.

In Penobscot county, another suit is pending between the

same parties on one of the mortgage notes. The facts and arguments relate to both cases.

*Hillard & Flagg,* for the demandant, argued that the case of *Newbegin* v. *Langley,* 39 Maine, 200, should be reviewed by the Court; that the intent of the Legislature was to change the common law beneficially for married women; and that the power to be seized and possessed of property implies the power to sell, lease, mortgage and use it as any other owner could do. In this case, the premises were conveyed to the tenant with the express object of paying Pierce's debt to Theodosia Dunning. The new notes and mortgage were given to her son James by her consent. If the deed and mortgage are held to be one transaction, and both void, the premises revert to Treat & Co., who had no interest in them but as assignees of Pierce, and have long since settled with the parties to the assignment. The equity is with the demandant. The powers of married women are further enlarged by statutes subsequent to the decision in the case above cited.

*N. H. Hubbard,* for the tenant.

The note of a married woman is void. *Howe* v. *Wildes,* 34 Maine, 566; *Bates* v. *Enright,* 42 Maine, 105; *Brown* v. *Lunt,* 37 Maine, 423; *Fuller* v. *Bartlett,* 41 Maine, 241. The notes being void, the mortgage is also void. R. S., 1857, c. 61, § 1, does not give married women power to mortgage their property. The tenant did not derive her title from the demandant. The consideration for her notes was an exchange of Pierce's notes for hers; and Pierce's notes and the mortgage were payable to Theodosia Dunning.

The opinion of the Court was drawn up by

DAVIS, J.— This is a real action to recover certain premises situated in Frankfort, in the county of Waldo, formerly owned by George A. Pierce. In 1855, he failed, and assigned all his property to Robert Treat & Co. The demandant, acting for Theodosia Dunning, held certain notes against Pierce, and a prior mortgage upon the premises, which, by

mistake, had been recorded in the county of Penobscot, instead of Waldo, and was therefore void as against Treat & Co. But subsequently, by an arrangement made between all the parties interested, Treat & Co. conveyed the premises to the tenant, Nancy S. Pike, who, in consideration therefor, gave her own notes to the demandant, in lieu of the notes held by him against Pierce, with a mortgage of the premises to secure the payment of the notes. The controversy arises from the fact that the tenant was then a married woman, having a husband living at the time. The demandant claims under the mortgage; and it is insisted for the tenant that the notes and the mortgage are void.

Treat & Co. conveyed to the tenant, September 12, 1856; and she conveyed to the demandant, September 21st, 1857. But the case finds that the latter conveyance was the consideration of the former, and that the whole transaction was in execution of a prior mutual arrangement. It therefore constituted one transaction only, the same as if the parties to both the deeds had been the same, and both had been made and delivered at the same time. If we hold that the mortgage of the tenant is void, the conveyance of Treat & Co. to her must also be held to be void, and all the parties be remitted to their former rights.

Whatever change was made in revising the statutes of this State in 1857, the rights or powers of married women were not materially enlarged. They may convey real estate owned by them. Nor do we express the opinion that they may not mortgage such estate to secure debts contracted by them for which they are legally liable. But neither the present, nor any former statutes, were intended to confer upon a married woman the power to purchase real estate in her own name, on credit, and give her own promissory notes in payment, with a mortgage of the property as collateral security. *Newbegin* v. *Langley*, 39 Maine, 200.

We are of the opinion that Nancy S. Pike, being a married woman, with a husband then living, had no power to become a party to such an arrangement. The notes and mort-

gage given by her, and the deed given to her by Treat & Co., were all void.

But the demandant can recover only upon the strength of his own title. The tenant has no title which could avail her against the original mortgage, given by Pierce. As this was given to Theodosia Dunning, it cannot avail the demandant in this suit. Judgment must be entered for the tenant.

In the suit between the same parties, in the county of Penobscot, upon one of the mortgage notes, a nonsuit must be entered.

TENNEY, C. J., and APPLETON, CUTTING, MAY and KENT, J. J., concurred.